IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RANDY MYERS**                                                                                     **PETITIONER**

v.                                    NO. 4:22-cv-01205-KGB-PSH

**DEXTER PAYNE**                                                                                 **RESPONDENT**

RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Randy Myers ("Myers") challenges his 2018 negotiated plea of no contest in Faulkner County Circuit Court.[1] It is recommended that this case be dismissed. Most of the claims he raises involve alleged violations of state law and are therefore not cognizable in this proceeding. His remaining claims are without merit.

The record reflects that Myers was charged in an amended criminal information with one count of conspiring to commit rape in violation of Ark. Code Ann. 5-14-103(a)(3)(A) ("rape count"). It was alleged that he conspired to engage in sexual intercourse or deviate sexual activity with another person who was less than fourteen years of age. Myers was also charged in the information with thirty counts of distributing, possessing, or viewing a matter depicting sexually explicit conduct involving a minor child, first offense, in violation of Ark. Code Ann. 5-27-602 ("child pornography counts").

---

[1] The record reflects that the state courts and the parties sometimes referred to Myers' plea as one of "nolo contendere" and, at other times, as one of "no contest." The undersigned knows of no meaningful difference between a plea of "nolo contendere" and a plea of "no contest." Because Myers represented during the change of plea/sentencing hearing that he was pleading "no contest," see Docket Entry 6-3 (Exhibit B) at CM/ECF 224, the undersigned will use the phrase "no contest" throughout this Recommendation.

The State of Arkansas ("State") and Myers eventually entered into a negotiated plea agreement. See Docket Entry 6-3 (Exhibit B) at CM/ECF 116-120. The State agreed to dismiss twenty-three of the child pornography counts in exchange for Myers agreeing to plead no contest to the rape count and remaining seven child pornography counts. During a change of plea/sentencing hearing, he was questioned about his decision to plead no contest. See Id. at CM/ECF 220-231. The transcript of the hearing reflects, in part, the following:

> Q. Do you feel comfortable changing your plea from not guilty to no contest?
>
> A. Yes.
>
> Q. And do you in fact wish to change your plea to no contest at this time?
>
> A. Yes.
>
> Q. Okay. Mr. Myers, are you changing your plea in exchange for the negotiated agreement the State has offered?
>
> A. Yes.
>
> ...
>
> Q. Okay. Mr. Myers, do you believe that at the trial of this matter the State would present evidence that you along with another person entered into an agreement in which to commit the Offense of Rape and you took a substantial step in furtherance of that agreement?

> A. Yes.
>
> Q. And do you believe the State could put into evidence that as to Counts Two through Eight that you knowingly possessed, distributed images involving minor children of a sexual nature?
>
> A. Yes.
>
> MR. DIGBY: Your Honor, I think that's it, but if I've forgotten anything I'll allow the Court to inquire.
>
> THE COURT: Mr. Wall, anything from the State?
>
> MR. WALL: The only thing from the State, in reference to Counts Two through Eight, the State's proof will be that this Defendant sent images of minors to an undercover officer who was acting in his undercover officer task of approximately four images and three plus videos and that will be the proof for the child pornography.
>
> THE C0URT: Mr. Digby, is that your understanding?
>
> MR. DIGBY: Yes, Your Honor.

See Docket Entry 6-3 (Exhibit B) at CM/ECF 224-226. The Faulkner County Circuit Court ("trial court") sentenced Myers to a term of imprisonment agreed upon in the negotiated plea agreement, as well as a suspended imposition of sentence also agreed to in the agreement.

4

It was not long before Myers began challenging aspects of his plea of no contest. He filed a direct appeal, even though he had been cautioned during the change of plea/sentencing hearing that he was waiving his right to appeal by pleading no contest. He later moved to dismiss the appeal, and the Arkansas Court of Appeals granted his motion. See Docket Entry 6-4 (Exhibit C).

Myers then filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). The trial court denied the petition, and the state Court of Appeals affirmed the denial of the petition. See Myers v. State, 2020 Ark. App. 16, 593 S.W.3d 29 (2020).

Myers filed a trial court petition for a writ of error coram nobis. The trial court denied the petition, and the Arkansas Supreme Court affirmed the denial of the petition. See Myers v. State, 2021 Ark. 93, 621 S.W.3d 148 (2021).

Myers filed a petition for state habeas corpus relief in Lincoln County Circuit Court pursuant to the Ark. Code Ann. 16-93-101. The trial court denied the petition, and the state Supreme Court affirmed the denial of the petition. See Myers v. Payne, 2022 Ark. 156, --- S.W.3d ---, 2022 WL 4372579 (2022).

Myers began this case by filing the petition at bar. In the petition, he challenged his plea of no contest on the following grounds: there was no factual basis for his plea; the trial court violated a state administrative order; an undercover police officer's false statements resulted in the issuance of an arrest warrant not supported by probable cause; Myers was denied a <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), hearing ("<u>Franks</u> hearing"); the sentencing order was invalid; and he is actually innocent.

Respondent Dexter Payne ("Payne") filed a response to the petition. In the response, Payne maintained that the petition should be dismissed because most of Myers' claims involve alleged violations of state law and are therefore not cognizable in this proceeding. With respect to Myers' remaining claims, Payne maintained that they are without merit.[2]

Myers filed a reply in which he challenged Payne's assertions. Myers continued to maintain, <u>inter</u> <u>alia</u>, that there was no factual basis for his plea of no contest and the violations of state law encroached upon rights afforded him by the United States Constitution. He concluded his reply by advancing the novel argument that the failure to ensure he entered a valid plea subjected him to involuntary servitude/slavery.

---

[2] Payne did not also allege that Myers waived all non-jurisdictional defects by pleading no contest. Although the assertion is dispositive of several of Myers' claims, it will not be considered <u>sua</u> <u>sponte</u>.

Myers' first claim is that the trial court failed to determine whether there was a factual basis for his plea of no contest. In support of the claim, he alleges, in part, the following:

> ACA 5-14-103(a)(3) is a dual prong statute requiring sexual intercourse or sexual deviate activity AND a victim under 14. ACA 5-27-602 requires a child (under 17 per 5-27-601(1) who is engaged in sexually explicit conduct (as defined in 5-27-601(15)). The plea court entered a plea without the age of alleged victims for all counts and without establishing that the images involved meet the criteria established in 5-27-601(15) ...

See Docket Entry 2 at CM/ECF 5.

Payne construes Myers' first claim as alleging violations of Arkansas Rule of Criminal Procedure 24.4 and 24.6 ("Rules 24.4 and 24.6").[3] Specifically, Payne construes Myers' first claim as alleging that the trial court did not comply with Rules 24.4 and 24.6 when the court failed to ensure there was a factual basis for his plea of no contest. Payne maintains that because the claim arises from state rules of criminal procedure, it is not cognizable in this proceeding.

---

[3] Rule 24.4 provides that the trial court shall not accept a plea of no contest without first informing the defendant of, and determining he understands, such matters as the nature of the charges, the range of sentences, and the rights he is waiving by pleading no contest. Rule 24.6 provides that the court shall not accept a plea of no contest without first determining there is a factual basis for the plea.

It is axiomatic that "federal habeas corpus relief does not lie for errors of state law." See Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Instead, a federal court is limited to determining whether a conviction, or in this instance a plea of no contest, violates the Constitution, laws, or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62 (1991).

Assuming, without deciding, that Payne's construction of Myers' first claim is correct, the claim warrants no relief. Myers alleges the violations of state rules of criminal procedure, and federal habeas corpus relief does not lie for the alleged violations of such rules.

It is possible, though, to construe Myers' first claim as a challenge to whether his plea of no contest was voluntary and intelligent, which is a basis for federal habeas corpus relief.[4] Specifically, it is possible to construe the claim as challenging his understanding that the rape and child pornography counts involved minor children and the images depicted those children engaging in sexually explicit conduct. Assuming the claim can be construed in such a manner, it still warrants no relief.

---

[4] In Myers' Rule 37 petition, he challenged his plea of no contest on state law grounds, not Constitutional grounds. The state Court of Appeals rejected the challenge on a procedural ground. See Myers v. State, 593 S.W.3d at 33. Although Payne did not raise a procedural bar defense, it is likely that this alternate construction of his claim is procedurally barred from federal court review.

8

A plea of no contest, to be valid, must be voluntary and intelligent. See Country v. Foster, 806 F.2d 182 (8th Cir. 1986). "To determine the voluntariness of a plea, the relevant circumstances must be considered." See Id. at 183. "For a plea to be made intelligently, the defendant must have received effective assistance of counsel." See Id.

Here, Myers gave a statement to law enforcement officers shortly after his arrest. See Docket Entry 6-3 (Exhibit B) at CM/ECF 16. In the statement, he admitted that he had "traveled to Arkansas with the intention of engaging in sex with children between the ages of eleven and fourteen." See Myers v. State, 621 S.W.3d at 150. He also admitted that his computer contained hundreds of images of child pornography, see Id., and the images depicted children between the ages of approximately one and sixteen engaging in sexually explicit conduct. See Docket Entry 6-3 (Exhibit B) at 16.

During the change of plea/sentencing hearing, Myers stated under oath that he understood the Constitutional rights he was waiving by pleading no contest. He stated that he understood the charges he was facing and the punishment he would receive as a result of his plea. He additionally stated that he had discussed his case with his attorney and had been advised about all possible defenses and outcomes. Myers then

admitted that the State could prove the elements of the rape count, i.e., he conspired to engage in sexual intercourse or deviate sexual activity with another person who was less than fourteen years of age. He also admitted that the State could prove the elements of the child pornography counts, i.e., he distributed, possessed, or viewed matters depicting sexually explicit conduct involving minor children.

It is true that during the change of plea/sentencing hearing, the children's ages were not specifically mentioned, and no formal finding was made that the children depicted in the images were engaged in sexually explicit conduct. Myers, though, had confessed to those very matters in his statement. Moreover, and more germane to the alternate construction of his first claim, he admitted during the hearing that he understood the charges, charges that set forth the ages of the children involved and the conduct depicted in the images, and he admitted that the State could prove those elements of the charges.

Solemn declarations in open court carry a strong presumption of verity. See Blackledge v. Allison, 431 U.S. 63 (1977). Here, Myers admitted that the State could prove the elements of the charges, and he does not challenge the advice he received from his attorney. There is no doubt that Myers voluntarily and intelligently entered his plea of no contest.

Myers' second claim rests squarely on the alleged violations of state rules of criminal procedure and a federal rule of criminal procedure. Specifically, he challenges his plea of no contest on the ground that the ages of the victims were not established on the record as required by Rules 24.4 and 24.6, and Federal Rule of Criminal Procedure 11 ("Rule 11").[5]

Myers' second claim warrants no relief. Federal habeas corpus relief does not lie for the alleged violations of Rules 24.4 and 24.6. Rule 11 is a rule of federal criminal procedure, and the alleged violation of that rule is not cognizable in this proceeding.

Myers' third claim is that the trial court violated state Supreme Court Administrative Order 5 ("Administrative Order 5").[6] He maintains that the trial court did so in the following two respects: (A) by failing to provide the state Administrative Office of Courts ("AO") with a written explanation for why his case was not tried within a set period of time, and (B) by failing to provide the AO with written status updates.[7]

---

[5]   Rule 11(b)(3) provides that before a federal court may accept a plea of no contest, "the court must determine that there is a factual basis for the plea."

[6]   The Order provides that precedence be given to a criminal case if the alleged victim is under the age of fourteen. If the case is not disposed of within a set period of time, notice and status updates must be provided to a state administrative office.

[7]   In Myers' petition for writ of error coram nobis, he raised this claim. The state Supreme Court rejected the claim because it was "not within the purview of a coram nobis proceeding." See Myers v. State, 621 S.W.3d at 152.

Myers' third claim is predicated solely upon the alleged violation of Administrative Order 5. Because the claim is predicated solely upon the alleged violation of a state administrative rule, and federal habeas corpus relief does not lie for the alleged violations of such rules, the claim is not cognizable in this proceeding.[8]

Myers' fourth claim is two-fold. He first alleges that an undercover police officer's false statements resulted in the issuance of an arrest warrant not supported by probable cause.[9] As Payne correctly observes, though, "[i]t is well settled that an illegal arrest and detention, without more, does not invalidate a subsequent conviction." See Docket Entry 6 at CM/ECF 6 (quoting Hale v. Lockhart, 903 F.2d 545, 550 (8th Cir. 1990)). Here, even assuming Myers' arrest and detention came about because of an undercover police officer's false statement, Myers' illegal arrest and detention, without more, does not invalidate his plea of no contest.

---

[8]    It is conceivable that the claim could be construe to allege a speedy trial violation. The record in this case, though, is woefully inadequate as to that issue and prevents the consideration of the issue. Moreover, it is likely that the alternate construction of his claim is procedurally barred from federal court review.

[9]    In Myers' petition for state habeas corpus relief, he raised this sub-claim. The state Supreme Court rejected the sub-claim for two reasons: (A) "[a] defendant, after being fairly tried in a court of competent jurisdiction and found guilty, is not entitled to be set free on the basis of some flaw in the manner of his arrest," and (B) [q]uestions pertaining to whether there was some error in the investigation, arrest, or prosecution of a criminal offense are not within the purview of a habeas corpus proceeding." See Myers v. Payne, 2022 WL 4372579, 2.

Liberally construing Myers' pro se petition, he appears to allege as the second part of his fourth claim that he failed to receive a Franks hearing. He maintains that had he been accorded a Franks hearing, he would have been able to show that an undercover police officer made false statements in support of a warrant used to search Myers' person and property.[10] That part of his fourth claim warrants no relief, though, for the following reason advanced by Payne:

> ... "Under Stone [v. Powell, 428 U.S. 465 (1976)], 'where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial.'" Chavez v. Weber, 497 F.3d 796, 801 (8th Cir. 2007) (quoting Stone, 428 U.S. at 482). A prisoner may overcome the Stone bar only if "the State provided no corrective procedures at all to address the alleged Fourth Amendment violation[,]" or if the prisoner was prevented from invoking the corrective mechanism because of "an unconscionable breakdown in the underlying process." Id. at 802 (citation and quotation omitted).

---

[10] In Myers' Rule 37 petition, he challenged the State's failure to accord him a Franks hearing but did so as part of a larger claim of ineffective assistance of counsel. Myers specifically maintained that his attorney was ineffective because "counsel failed to contest the evidence to support the arrest and search warrant at a motion hearing, thus resulting in false information being used to secure his arrest, obtain his statement, and seize his property. See Myers v. State, 593 S.W.3d at 33. The state Supreme Court rejected the assertion because Myers failed to show that but for counsel's actions, Myers would not have entered a plea of no contest but would have proceeded to trial. Here, in the second part of Myers' fourth claim, he makes no assertion that his counsel was ineffective. Myers simply alleges that he was not accorded a Franks hearing.

> Here, Arkansas plainly provides a mechanism for contesting a search warrant on Fourth Amendment grounds, which Myers invoked by filing a motion to suppress the results of the search of his person and property, prior to his no-contest plea. Ex. B at 47-49. The reason no <u>Franks</u> hearing occurred is because Myers decided to enter a no-contest plea instead of proceeding to trial, not because of any breakdown in the underlying process. Accordingly, his Fourth Amendment claim here is <u>Stone</u>-barred ...

<u>See</u> Docket Entry 6 at CM/ECF 18-19.

Myers' fifth claim involves a challenge to the sentencing order. He maintains that the order is invalid because it does not reflect the ages of the victims.[11]

Myers' fifth claim warrants no relief. He has offered no authority in support of the proposition that federal habeas corpus relief is warranted as a result of alleged defects in a sentencing order.

Myers' last claim is that he is actually innocent. He so maintains because his plea of no contest was "completely devoid of essential elements of the crimes charged." <u>See</u> Docket Entry 2 at CM/ECF 13.[12]

---

[11] In Myers' petition for state habeas corpus relief, he raised this claim. The state Supreme Court rejected the claim, in part, because "the failure to indicate the age of a minor victim on a sentencing order does not render the order illegal on its face ..." <u>See</u> <u>Myers v. Payne</u>, 2022 WL 4372579, 2.

[12] In Myers' petition for state habeas corpus relief, he appears to have raised this claim. The state Supreme Court rejected the claim because "habeas proceedings are not a means to challenge the sufficiency of the evidence ..." <u>See</u> <u>Myers v. Payne</u>, 2022 WL 4372579, 2.

The United States Supreme Court has not decided whether a petitioner may be entitled to habeas relief on the basis of a freestanding claim of actual innocence. See Feather v. United States of America, 18 F.4th 982 (8th Cir. 2021). If there is such a claim, the threshold would be "extraordinarily high," see Herrera v. Collins, 506 U.S. 390, 417 (1993), and require a showing of new facts which "unquestionably establish" a petitioner's innocence, see Schlup v. Delo, 513 U.S. 298, 317 (1995).

The undersigned has reviewed the record in this case and is not persuaded that Myer's last claim warrants relief. He has offered no new facts which unquestionably establish his innocence. The record instead conclusively establishes that he admitted the State could prove the elements of the charges, he does not challenge the advice he received from his attorney, and there is no doubt he voluntarily and intelligently entered his plea of no contest.

Given the foregoing, it is recommended that Myers' petition be dismissed, all requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Myers cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 9th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE