IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RANDY MYERS**                                                                                                      **PETITIONER**

v.                                      Case No. 4:22-cv-01205-KGB-PSH

**DEXTER PAYNE**                                                                                                     **RESPONDENT**

### ORDER

Before the Court is a Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 9). Petitioner Randy Myers filed objections to the Recommendation, along with an application for certificate of appealability (Dkt. Nos. 10; 11). After careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court adopts the Recommendation as its findings in all respects (Dkt. No. 9). The Court also denies Mr. Myers's application for certificate of appealability (Dkt No. 11).

    I.      Recommendation

Mr. Myers raises six claims in his petition for writ of *habeas corpus* under 28 U.S.C. § 2254 (Dkt. No. 2). Mr. Myers challenges his May 11, 2018, plea of no contest in the Circuit Court of Faulkner County, Arkansas, to one count of conspiracy to commit rape in violation of Arkansas Code Annotated § 5-14-103(a)(3)(A) and seven counts of possession of child pornography in violation of Arkansas Code Annotated § 5-27-602 on the following grounds: there purportedly was no factual basis for his plea of no contest; the trial court allegedly violated a state administrative order; an undercover police officer's allegedly false statements resulted in the issuance of an arrest warrant which Mr. Myers contends was not supported by probable cause; the denial of a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); the sentencing order purportedly was invalid; and that Mr. Myers maintains he is actually innocent (*Id.*).

In the Recommendation, Judge Harris determined that most of Mr. Myers's claims involve alleged violations of state law and, therefore, are not cognizable in this federal habeas corpus proceeding (Dkt. No. 9, at 2).  Judge Harris concluded that Mr. Myers's remaining claims are without merit (*Id.*).  Judge Harris recommends that Mr. Myers's petition for writ of *habeas corpus* be denied and dismissed with prejudice (*Id.*, at 15).  Judge Harris also recommends that the Court deny a certificate of appealability (*Id.*).  Having reviewed the Recommendation and Mr. Myers's objections, and after a *de novo* review of the record, this Court agrees.

## II.     Objections

The Court writes separately to address some of Mr. Myers's objections (Dkt. No. 10).  Generally, Mr. Myers's objections to the Recommendation reiterate the arguments he made in support of his petition for writ of *habeas corpus* (*See* Dkt. Nos. 2; 4; 8; 10).

As an initial matter, Mr. Myers maintains that his first, second, and sixth grounds for relief should be construed as an alleged violation of the Thirteenth Amendment (Dkt. No. 10, ¶¶ 5–26).  He asserts the following:

> As this plea violates the proper manner and legal requirements of the violated statutes were not established, and as the Court failed to define the nature of the crime as guaranteed in the 6th Amendment, the party cannot be deemed DULY CONVICTED and as such, continued detention in the Ark. Div. of Corrections is unlawful and a direct violation of the 13th Amendment's DULY CONVICTED CLAUSE.

(*Id.*, ¶ 15).  Mr. Myers asserts that Judge Harris improperly dismissed this "novel argument." (*Id.*, ¶ 5 (quoting Dkt. No. 9, at 6)).  The Court observes that Mr. Myers did not raise this argument in his *habeas* petition, and he did not raise this argument in his Rule 37 petition (Dkt. Nos 2; 6-5, at 13–43).  Based on the Court's review of the record, the first time Mr. Myers raised any argument concerning the Thirteenth Amendment was in his reply brief (Dkt. No. 8, at 17–20).  Judge Harris reached the same conclusion (*See* Dkt. No. 9, at 6 (noting that Mr. Myers "concluded his reply

brief by advancing the novel argument that the failure to ensure he entered a valid plea subjected him to involuntary servitude/slavery.")).

Any claims Mr. Myers now intends to assert based on the Thirteenth Amendment are procedurally defaulted. *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). This Court is barred from reviewing such claims on the merits unless Mr. Myers can demonstrate: (1) cause for the default and actual prejudice resulting therefrom; or (2) show that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Luton v. Grandison*, 44 F.3d 626, 628–29 (8th Cir.1994). Mr. Myers has raised no argument that there is cause for this procedural default or actual prejudice. The Court declines to consider the merits of Mr. Myers's arguments on this point, and, to the extent this is an objection, the Court overrules it.

Mr. Myers asserts that Judge Harris "abandons the record and assumes [he] knew the elements of each offense and interprets unseen meaning in the plea statement as an admission to these unknown elements." (Dkt. No. 10, ¶ 17). He argues that "[b]ecause a guilty plea is an admission of ALL the elements of a formal charge, it cannot be truely [sic] voluntary unless the Defendant possesses an understanding of the law in relation to the facts." (*Id.*, ¶ 26). As Judge Harris notes in the Recommendation, Mr. Myers admitted during the change of plea/sentencing hearing that he understood the charges, that the charges set forth the ages of the children involved and the conduct depicted in the images, and that Mr. Myers admitted that the State could prove those elements of the charges (Dkt. No. 9, at 10). Moreover, any requirement of a factual basis upon which to accept a plea is imposed by a court rule, not the federal constitution. The federal constitution does not require a factual basis to support a valid guilty plea, or, in the case of a no-contest plea, an admission of guilt. *See Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982);

3

*Cranford v. Lockhart*, 972 F.2d 1347, 1349 (8th Cir. 1992).  Having reviewed the entire record *de novo*, the Court concurs with Judge Harris's determination that "[t]here is no doubt that Myers voluntarily and intelligently entered his plea of no contest." (Dkt. No. 9, at 10).

Mr. Myers also asserts that his claim regarding Arkansas Supreme Court Administrative Order 5 is not simply an alleged violation of a state administrative rule because Administrative Order 5 "specifically affects speedy trial in this case . . . ."( Dkt. No. 10, ¶ 29).  To the extent that Mr. Myers argues that Judge Harris failed to identify or address this claim, the Court notes that Judge Harris addressed adequately this same issue in the Recommendation.  As Judge Harris explained:

> It is conceivable that the claim could be construe[d] to allege a speedy trial violation.  The record in this case, though, is woefully inadequate as to that issue and prevents the consideration of the issue.  Moreover, it is likely that the alternate construction of his claim is procedurally barred from federal court review.

(Dkt. No. 9, at 12 n.8).  The Court overrules Mr. Myers's objection on this point.

Having considered all of Mr. Myers's objections and having reviewed the record evidence *de novo*, the Court concludes that the Recommendation should be adopted as this Court's findings in all respects (Dkt. No. 9).  In so finding, the Court has considered and overrules all of Mr. Myers's objections (Dkt. No. 10).

### III.   Conclusion

The Court adopts the Recommendation (Dkt. No. 9).  The Court dismisses with prejudice Mr. Myers's petition for writ of *habeas corpus* (Dkt. No. 2).  The Court denies the relief sought.

Further, the Court will not issue a certificate of appealability because Mr. Myers has not made a substantial showing of a denial of a constitutional right (Dkt. No. 11).   28 U.S.C. § 2253(c)(1)-(2).   Because the Court will not issue a certificate of appealability, it certifies that an appeal *in forma pauperis* would not be taken in good faith.  Fed. R. App. P. 24(a)(3)(A).

It is so ordered this 21st day of July, 2023.

                                        */s/ Kristine G. Baker*
                                        Kristine G. Baker
                                        United States District Judge